IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-CV-1135 |
| | ) | |
| EDITH HALVORSEN, | ) | |
| PHYLLIS HASENSTAB, and | ) | |
| REALTY 100, Inc., d/b/a/ | ) | |
| RE/MAX REALTY 100, | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT ORDER

### I. INTRODUCTION

1. On November 2, 2006, The United States filed a Complaint on behalf of Tami Doss ("Doss") and Margaret Silkey ("Silkey") pursuant to subsection 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o). In its Complaint, the United States alleges that Defendants violated the Fair Housing Act when they refused to negotiate with Doss for the sale of a single family home located at 9042 West Mount Vernon Avenue, Milwaukee, Wisconsin 53226 (the "subject property"), because she is African American.

2. The United States of America, Edith Halvorsen ("Halvorsen"), Phyllis Hasenstab ("Hasenstab"), and Realty 100, Inc., d/b/a RE/MAX Realty 100 ("RE/MAX") file this Consent Order to resolve all claims against Defendants, which allege violations of sections 804(a), (c), 805, and 818 of the Fair Housing Act, 42 U.S.C. §§ 3604(a), (c), 3605, and 3617.[1]

---

[1] Silkey and Halvorsen entered into a conciliation agreement prior to the filing of the Complaint, settling all of Silkey's claims against Halvorsen.

**A. The United States' Allegations**

3. Were this case to proceed to trial, the United States would present evidence and testimony sufficient to establish the following facts:

4. Halvorsen was at all times relevant to the Complaint, the owner of the subject property.

5. Halvorsen retained Hasenstab to list the subject property on the real estate market.

6. At their initial meeting, Halvorsen told Hasenstab that she did not want to sell her property to a black person.

7. In July 2005, Doss was looking for a house in Milwaukee. Silkey, a real estate agent, was assisting Doss in her search.

8. Silkey learned that Halvorsen intended to sell the subject property. Silkey wanted to show the subject property to Doss because she believed that the property was likely to be in Doss' price range and would meet her expectations. Silkey contacted Halvorsen and told Halvorsen that she had a potential buyer for the subject property (referring to Doss), and that she wanted to show the property as soon as possible.

9. Halvorsen asked Silkey if her client was black. Silkey responded that she could not answer that question. Halvorsen inferred from Silkey's response that the client she was referring to was black. Halvorsen told Silkey that she did not want to sell her house to a black person.

10. In July 2005, Silkey drove by the subject property and noticed a "for sale" sign. However, the property was not listed in MLS. Silkey contacted MLS and asked MLS employee Katie Bieszk whether the property was going to be listed in MLS. Silkey complained to Bieszk about Halvorsen's discriminatory statements. Bieszk relayed Silkey's complaint to Hasenstab, who in turn discussed it with Halvorsen.

11. After learning of Silkey's complaint, Hasenstab and Halvorsen both signed an amendment to the listing agreement that excluded Silkey from showing the subject property to any client.

12. Silkey contacted RE/MAX to make an appointment to show the property to Doss. A RE.MAX employee told Silkey that she was excluded from showing the property. Silkey then spoke with Hasenstab. Hasenstab told Silkey that she had been excluded because she had contacted MLS and indicated there was discrimination.

13. Silkey informed Doss that she was excluded from showing her the subject property.

14. On August 30, 2005, Halvorsen sold the subject property to a white male.

15. By signing this Consent Order, defendants do not admit any violation of the Fair Housing Act or wrongdoing. It is expressly understood that neither the entering into this Consent Order, nor any action taken by the defendants pursuant to this Consent Order, shall be construed as an admission of liability.

**B. Consent of the Parties to Entry of this Order**

16. The parties agree that this Court has jurisdiction over the subject matter of this case pursuant to subsection 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o), and 28 U.S.C. §§ 1331 and 1345. The parties also agree that the controversy between them should be resolved without further proceedings and without a trial.

17. As indicated by the signatures below, the parties agree to entry of this Consent Order.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

## II. GENERAL INJUNCTION

18. Halvorsen, her agents, and all other persons in active concert or participation with her are enjoined from:

A. Refusing to sell, refusing to negotiate for the sale of, or engaging in conduct that otherwise makes unavailable or denies dwellings to any potential buyer, or any person associated with that potential buyer, because of race or color, in violation of subsection 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

B. Making, printing or publishing, or causing to be made, printed or published, any notice, statement or advertisement, with respect to the sale of a dwelling that indicates a preference, limitation, or discrimination, or an intent to make such a preference, limitation or discrimination, based on race or color, in violation of subsection 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and

C. Interfering with any person in the exercise or enjoyment of, or on account of any person's having exercised or enjoyed, or on account of any person's having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by sections 803-806 of the Fair Housing Act, in violation of section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

19. Defendants Hasenstab, RE/MAX and each of RE/MAX's officers, employees, agents, successors and assigns, and all other persons acting in active concert or participation with them are enjoined from:

A. Refusing to sell, refusing to negotiate for the sale of, or engaging in conduct that otherwise makes unavailable or denies dwellings to any potential buyer, or any person associated with that potential buyer, because of race or color, in violation of subsection 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

4

B. Discriminating against any person in making available a residential real estate-related transaction, or in the terms or conditions of such a transaction, because of race or color, in violation of Section 805 of the Fair Housing Act, 42 U.S.C. § 3605; and

C. Interfering with any person in the exercise or enjoyment of, or on account of any person's having exercised or enjoyed, or on account of any person's having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by sections 803-806 of the Fair Housing Act, in violation of section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

### III. PAYMENT OF MONETARY DAMAGES

20. Within twenty (20) days of the entry of this Consent Order, Defendants shall pay a total of thirty thousand dollars ($30,000) to Tami Doss and five thousand dollars ($5,000) to Margaret Silkey.[2]

21. Upon receipt of the checks, the United States shall send to Defendants executed releases of all claims, legal or equitable, that Doss might have against Defendants, and any claims Silkey might have against Hasenstab and/or RE/MAX, relating to the claims asserted in this lawsuit. The releases shall be substantially in the form of Appendices A(1), A(2), and A(3).

---

[2] Defendants have agreed among themselves to satisfy this obligation as follows: Defendants Hasenstab and RE/MAX shall pay twenty-six thousand ($26,000), said money to be paid by sending to the United States a check for twenty-one thousand dollars ($21,000) payable to Tami Doss and a check for five thousand dollars ($5,000) payable to Margaret Silkey. Defendant Halvorsen shall pay nine thousand dollars ($9,000), said money to be paid by sending to the United States a check in that amount payable to Tami Doss.

5

## IV. EDUCATIONAL PROGRAM

22. Within thirty (30) days of the entry of this Order, RE/MAX shall provide a copy of this Order to each of its real estate agents. Within ninety (90) days of the entry of this Order, RE/MAX shall (a) secure a signed statement from each agent, substantially in the form of Appendix B, acknowledging that he or she has received and read the Order and had an opportunity to have questions about the Order answered, and (b) shall forward copies of those signed statements to the United States.

23. Within ninety (90) days after the date of entry of this Consent Order, Defendant Hasenstab shall complete an educational program on the Fair Housing Act, with specific emphasis on discrimination on the basis of race. The content of this educational program shall be determined by and the training shall be conducted by a qualified party, approved by the United States and independent from the Defendants. Any expenses associated with this training shall be borne by Defendant Hasenstab. Defendant Hasenstab shall obtain from the trainer a certification confirm her attendance.[3]

24. For the duration of this Order, RE/MAX shall secure a signed statement substantially in the form of Appendix B from each new agent who begins his or her employment with RE/MAX within ten (10) days of beginning their agency relationship with RE/MAX.

## V. MONITORING AND DOCUMENT RETENTION REQUIREMENTS

25. During the period in which this Consent Order is in effect, the Defendants shall notify counsel for the United States in writing within thirty (30) days of receipt of:

---

[3] Within the last year, RE/MAX held a training session on the Fair Housing Act for its employees and agents, but Ms. Hasenstab did not attend that training.

6

A.  Any written complaint against them or their agents or employees, regarding discrimination in housing on the basis of race or color or alleging interference, retaliation, intimidation, or coercion on the basis of a person having exercised rights protected by the Fair Housing Act or having aided, assisted or encouraged others in exercising such rights; and

B.  Any oral complaint received by any manager or corporate officer of RE/MAX regarding discrimination in housing on the basis of race or color or alleging interference, retaliation, intimidation, or coercion on the basis of a person having exercised rights protected by the Fair Housing Act or having aided, assisted or encouraged others in exercising such rights.

If the complaint is written, Defendants shall provide a copy of it with the notification. If the complaint is oral, Defendants shall include a written summary of it with the notification. Whether written or oral, the notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendants shall also promptly provide the United States with all information it may request concerning any such complaint, and shall notify the United States within fifteen (15) days of the resolution of any such complaint.

26. For the term of this Consent Order, Defendants are required to preserve all records related to this Consent Order. Upon reasonable notice to Defendants, representatives of the United States shall be permitted to inspect and copy these records, provided, however, that the United States shall endeavor to minimize any inconvenience to Defendants from such inspections.

## VI. DURATION OF CONSENT ORDER AND TERMINATION OF LEGAL ACTION

27. This Consent Order shall remain in effect for three (3) years after the date of its entry. By consenting to entry of this Order, the parties agree that in the event that Defendants engage in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a subsequent violation pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

28. The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Decree. If no action is taken by the United States to extend this Order within three (3) years after the date of entry of this Order, the Order shall terminate, and this case shall be dismissed with prejudice, and the Court's jurisdiction of this action shall cease. Dismissal with prejudice of this case shall also result in dismissal with prejudice and without cost of the cross-claims asserted between Defendants Hasenstab and RE/MAX and Defendant Halvorsen. The United States may move the Court to extend the duration of the Decree in the interests of justice, which Defendants retain the right to oppose.

29. The parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.

## VII. TIME FOR PERFORMANCE

30. Any time limits for performance imposed by the Consent Order may be extended by the mutual written agreement of the parties.

## VIII. COSTS OF LITIGATION

31. Each party to this Consent Order shall bear its own costs and attorneys' fees associated with this litigation.

**IT IS SO ORDERED**:

Dated at Milwaukee, Wisconsin, this 29th day of February, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

| | |
|---|---|
| | _s/ Grace Chung Becker_ |
| STEVEN M. BISKUPIC | GRACE CHUNG BECKER |
| United States Attorney | Acting Assistant Attorney General |
| | Civil Rights Division |
| | |
| _s/ Matthew V. Richmond_ | _s/ Jeffrey D. Preston_ |
| By: MATTHEW V. RICHMOND | STEVEN H. ROSENBAUM, Chief |
| Chief, Civil Division | TIMOTHY MORAN, Deputy Chief |
| 517 East Wisconsin Avenue | JEFFREY D. PRESTON, Trial Attorney |
| Milwaukee, Wisconsin 53202 | U.S. Department of Justice |
| Tel.: (414) 297-1700 | Civil Rights Division |
| Fax: (414) 297-4394 | Housing and Civil Enforcement Section |
| matthew.richmond@usdoj.gov | 950 Pennsylvania Avenue, N.W., G Street |
| | Washington, DC 20530 |
| | Tel.: (202) 305-0056 |
| | Fax: (202) 514-1116 |
| | jeff.preston@usdoj.gov |

**FOR DEFENDANT EDITH HALVORSEN:**

    *s/ Timothy J. Andringa*
TIMOTHY J. ANDRINGA
Cramer, Multhauf & Hammes, LLP
1601 E. Racine Ave., Ste. 200
P.O. Box 558
Waukesha, Wisconsin 53187
tim@cmhlaw.com


**FOR DEFENDANTS PHYLLIS HASENSTAB AND REALTY 100, INC., D/B/A RE/MAX REALTY 100:**

    *s/ Alan H. Deutch*
ALAN H. DEUTCH
JAMES L. McALISTER
7670 North Port Washington Road
Fox Point, Wisconsin 53217
Tel.: (414) 247-9958
Fax: (414) 247-9959
jim.mcalister@deutch.com

February 29, 2008

**APPENDIX A(1)**

**WAIVER, RELEASE OF CLAIMS, AND CONSENT NOT TO SUE DEFENDANTS PHYLLIS HASENSTAB AND/OR REALTY 100, INC., d/b/a RE/MAX REALTY 100**

      In consideration of the parties' agreement to the provisions of the Consent Order entered in United States v. Edith Halvorsen, et al., Civil No. 06-CV-1135 (E.D. Wis. Nov. 2, 2006), and the payment of the sum of twenty-one thousand dollars ($21,000) by defendants named in this action, Phyllis Hasenstab, and Realty 100, Inc., d/b/a RE/MAX Realty 100 ("Defendants Hasenstab and RE/MAX"). I, Tami Doss, hereby and forever waive, release, and agree not to sue Defendants Hasenstab and RE/MAX for any claims, legal or equitable, I may have against Defendants Hasenstab and RE/MAX and other officers, agents, employees, successors, executors, heirs, assigns, attorneys, and any other person in active concert or participation with them regarding any and all claims arising out of the issues alleged in this action. I fully acknowledge and agree that this release of Defendants Hasenstab and RE/MAX shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

                                                _____
                                                SIGNATURE

NAME: _____

ADDRESS: _____
                 _____
                 _____

DATE: _____

## APPENDIX A(2)

## WAIVER, RELEASE OF CLAIMS, AND CONSENT
## NOT TO SUE DEFENDANT EDITH HALVORSEN

In consideration of the parties' agreement to the provisions of the Consent Order entered in United States v. Edith Halvorsen, et al., Civil No. 06-CV-1135 (E.D. Wis. Nov. 2, 2006), and the payment of the sum of nine thousand dollars ($9,000) by defendant named in this action, Edith Halvorsen ("Defendant"). I, Tami Doss, hereby and forever waive, release, and agree not to sue Defendant for any claims, legal or equitable, I may have against Defendant, her successors, executors, heirs, assigns, attorneys, and any other person in active concert or participation with her regarding any and all claims arising out of the issues alleged in this action. I fully acknowledge and agree that this release of Defendant shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

_____
SIGNATURE

NAME: _____

ADDRESS: _____
_____
_____

DATE: _____

**APPENDIX A(3)**

**WAIVER, RELEASE OF CLAIMS, AND CONSENT NOT TO SUE DEFENDANTS PHYLLIS HASENSTAB AND/OR REALTY 100, INC., d/b/a RE/MAX REALTY 100**

  In consideration of the parties' agreement to the provisions of the Consent Order entered in United States v. Edith Halvorsen, et al., Civil No. 06-CV-1135 (E.D. Wis. Nov. 2, 2006), and the payment of the sum of five thousand dollars ($5,000) by defendants named in this action, Phyllis Hasenstab ("Hasenstab"), and Realty 100, Inc., d/b/a RE/MAX Realty 100 ("RE/MAX"). I, Margaret Silkey, hereby and forever waive, release, and agree not to sue Defendants Hasenstab and RE/MAX for any claims, legal or equitable, I may have against Defendants Hasenstab and RE/MAX and other officers, agents, employees, successors, executors, heirs, assigns, attorneys, and any other person in active concert or participation with them regarding any and all claims arising out of the issues alleged in this action. I fully acknowledge and agree that this release of Defendants Hasenstab and RE/MAX shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

                _____
                SIGNATURE

NAME:   _____

ADDRESS: _____
        _____
        _____

DATE:   _____

# APPENDIX B

## CERTIFICATION OF RECEIPT OF CONSENT ORDER

I have received and read the Consent Order. I understand my legal responsibilities and will comply with those responsibilities. I have had all of my questions concerning this Order answered to my satisfaction.

_____
(Signature)

_____
(Print name)

_____
(Date)